In the Matter of: Harold Peter **KAVOUSSI**; Azita Kavoussi, Debtors.

**Howard M. Ehrenberg, Chapter 7 Trustee, Plaintiff—Appellee,**

v.

**Key Kavoussi, aka Kay Kavoussi; et al., Defendants—Appellants.**

**No. 07–56688.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Jan. 6, 2009.

Kathleen P. March, Esq., The Bankruptcy Law Firm, Los Angeles, CA, for Defendants–Appellants.

Mark A. Neubauer, Esq., Meredith M. Moss, Esq., Steptoe & Johnson, LLP, Los Angeles, CA, for Plaintiff–Appellee.

Before: GRABER and CLIFTON, Circuit Judges, and SHEA,\* District Judge.

MEMORANDUM \*\*

Key Kavoussi, et al., defendants in a bankruptcy court adversary proceeding,

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appeal from an order of the district court affirming bankruptcy court orders and judgments holding them liable for the value of assets found to have been fraudulently transferred to them by the debtors. We affirm, adopting the reasoning of the district court's order relating to those issues raised here on appeal. The discussion below elaborates only on certain arguments on appeal that were not already addressed by the district court. (The Trustee did not appeal the district court's order, so we do not consider the portion of that order which discussed the issue appealed by the Trustee from the bankruptcy court.)

The argument that the Trustee lacked standing to prosecute the claim amounts to no more than a quibble over form and does not justify dismissal of the claim or reversal of the judgment. The Trustee had standing under 11 U.S.C. § 544 to prosecute a fraudulent transfer claim. Whether an amendment was filed to revise the complaint to cite that statute or to assert the claim in the name of the Trustee does not alter the reality that the case was prosecuted as if the complaint had been so amended. That was clearly understood by all parties. Appellants raised no timely objection and suffered no prejudice.

The burden of proof to establish the value of assets transferred is on the fraudulent transferee, if the assets are entirely under its control and unavailable to the trustee. *Gough v. Titus (In re Christian & Porter Aluminum Co.)*, 584 F.2d 326, 339 (9th Cir.1978). The relevant time period for valuing the fraudulently transferred assets is when they were first pledged as collateral for the inter-family loans. *See* CAL. CIV.CODE §§ 3439.01(i), 3439.08(c). Summary judgment was appropriate in this case because Appellants failed to submit sufficient admissible evidence to bear their burden and thus failed to establish a genuine issue of material fact.

The attack on the specific judgment against Key and Iran Kavoussi was unpersuasive. The $1,403,000 judgment did not provide Appellee with a double-recovery because the $1,403,000 did not include the stock for which Howard Kavoussi was ordered to pay.

We have reviewed the other issues Appellants raise on appeal and find them unpersuasive.

**AFFIRMED.**